Johnson, C. J. The only cause assigned for error is, that the verdict upon which the judgment is based, was not found by a jury of twelve men. The record states that twelve good and lawful men returned the verdict, but, upon inspection, if appears that there were but eleven names recorded. The record is contradictory in this respect, and, whenever that is the case, the presumption is, that that portion of it is true and sustained by the facts of the case which is in accordance with and answers the requirements of the law, unless the contrary shall be clearly made to appear by exceptions taken at the time, or in some mode by which the matter may be brought before this court. The trial by jury is a great constitutional right, and when the convention incorporated the provision into the constitution of Lhe country, they most unquestionably had reference to the jury trial as known and recognized by the common law. It is a well ascertained fact, that tbo common law jury consisted of twelve men, and as a necessary consequence, since the constitution is silent upon the subject, the conclusion is irresistible that the framers of that instrument intended to require the same number. If the jury really did not consist of twelve men, and the defendant in the court below did not intend to wqive his constitutional rights, he should have reserved the point in the mode pointed out by law, and then it would have been entitled to the consideration of this court. The record having stated that there were twelve men upon the jury, the legal presumption is that such statement is true, and that the clerk omitted to place their names upon it, and the statute is explicit that no such omission shall cause a reversal of the judgment. Judgment affirmed.